# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALBERT McMURRIN,<br><br>    Defendant. | No. CR00-2021-LRR<br><br>ORDER |

This matter appears before the court on the defendant's motion for credit toward his sentence and/or to reduce his sentence (Docket No. 36). The defendant filed such motion on August 4, 2006. The government did not file a resistance.

18 U.S.C. § 3585 directs that a defendant "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences [if the official detention was] a result of the offense for which the sentence was imposed . . . or . . . a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . ." 18 U.S.C. § 3585(b)(1), (2).

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. §] 3585(b). *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence. *Wilson*, 503 U.S. at 335; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and, after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues

> through which [a defendant] may resolve any dispute about the length of his time in state custody.

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). Clearly, the court does not have the authority to credit the time that the defendant spent in detention prior to being sentenced. Moreover, the defendant makes no assertion regarding the administrative remedies he pursued, and, rather than file a habeas corpus petition under 28 U.S.C. § 2241, the defendant elected to file the instant motion in his underlying criminal case.

Rule 35 of the Federal Rules of Criminal Procedure, in relevant part, provides:

> (b) Reducing a Sentence for Substantial Assistance.
>
>> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>>
>>> (A) the defendant, after sentencing, provided substantial assistance in investigation or prosecuting another person; and
>>>
>>> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
>>
>> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>>
>>> (A) information not known to the defendant until one year or more after sentencing;
>>>
>>> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>>>
>>> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to

the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(1),(2); *see also* 18 U.S.C. § 3582(c) (stating that, except in limited circumstances, a court may not modify a term of imprisonment once it has been imposed). Rule 35(b) of the Federal Rules of Criminal Procedure does not provide the defendant with authority to reduce his sentence based on substantial assistance. Only the government, not the defendant, is able to rely on Rule 35(b) of the Federal Rules of Criminal Procedure; the government must move the court to reduce the defendant's sentence for providing substantial assistance.

Based on the foregoing, the defendant's motion for credit toward his sentence and/or to reduce his sentence (Docket No. 36) is denied.

**IT IS SO ORDERED**.

**DATED** this 12th day of October, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA